**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

PAMASA S.A.,

               Plaintiff,

       v.

BANCO SANTANDER
INTERNATIONAL,

               Defendant.

Case No. 1:25-cv-23861-RKA

_____

BANCO SANTANDER
INTERNATIONAL,

               Counterclaimant,

       v.

PAMASA S.A., BARBARA MANSILLA
ORTIZ, VALERIE MANSILLA ORTIZ, and
FRANCISCO OMAR MANSILLA ORTIZ,

               Counterclaim-Defendants.

_____

## ANSWER AND INTERPLEADER COUNTERCLAIM

Defendant/Counterclaimant Banco Santander International ("BSI") hereby answers Plaintiff Pamasa S.A.'s ("Pamasa") Complaint [ECF No. 1] and files its counterclaim for an Interpleader Action against Pamasa and Barbara Mansilla Ortiz ("Barbara"), Valerie Mansilla Ortiz ("Valerie"), and Francisco Omar Mansilla Ortiz ("Francisco") (collectively, the "Mansilla Ortiz Family"). Barbara, Valerie, and Francisco each claim an interest in and control over Pamasa.

BSI has conferred with counsel for Pamasa; Barbara and Valerie; and Francisco, and each of the parties has agreed not to contest BSI's request for interpleader relief, accept service of this Answer and Interpleader Counterclaim, and authorize BSI to continue to hold the funds in Pamasa's account (the "Account") pending a final order from this Court as to who controls those funds.  A Proposed Order of Interpleader is submitted with this Answer and Interpleader Counterclaim.

## PARTIES, JURISDICTION, AND VENUE

1. BSI admits the allegations in paragraph 1 of the Complaint.

2. BSI admits the allegations in paragraph 2 of the Complaint.

3. BSI admits the allegations in paragraph 3 of the Complaint.

4. BSI admits the allegations in paragraph 4 of the Complaint.

5. BSI admits the allegations in paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. BSI admits the allegations in paragraph 6 of the Complaint.

7. BSI is without sufficient knowledge to admit or deny the allegations in paragraph 7 of the Complaint.  Therefore, BSI denies the allegations in paragraph 7 of the Complaint.

8. BSI admits the allegations in paragraph 8 of the Complaint.

9. BSI admits Pamasa cannot withdraw funds from the account or otherwise transact business from the account but denies that the Mansilla Ortiz Family did not have access to information about the account and the remaining allegations in paragraph 9 of the Complaint.

10. BSI admits that Barbara, Valerie, and Francisco have all provided documents and information with respect to their interest in and ability to control Pamasa.  BSI denies the remaining allegations in paragraph 10 of the Complaint.

11. BSI admits that Barbara and Valerie have requested access to the Pamasa account and that BSI has not lifted the freeze on the account.  BSI denies the remaining allegations in paragraph 11 of the Complaint.

12. BSI denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 set forth a legal conclusion and BSI denies the allegations in paragraph 13 of the Complaint.

14. BSI is without knowledge with respect to the allegations in paragraph 14 and therefore denies the allegations in paragraph 14 of the Complaint.

15. BSI reincorporates its answer to paragraphs 1-14 as if fully set forth herein.

16. BSI admits that there is an Account Agreement between BSI and Pamasa related to Pamasa's Account.  Pamasa, however, fails to attach such agreement to the Complaint and, therefore, BSI is not able to admit or deny the allegations as to the terms of the Account Agreement, as defined in the Complaint.  BSI, therefore, denies the allegations in paragraph 16 of the Complaint.

17.  BSI admits that there is an Account Agreement between BSI and Pamasa related to Pamasa's Account.  Pamasa, however, fails to attach such agreement to the Complaint and, therefore, BSI is not able to admit or deny the allegations as to the terms of the Account Agreement, as defined in the Complaint.  BSI, therefore, denies the allegations in paragraph 17 of the Complaint.

18. BSI denies the allegations in paragraph 18 of the Complaint.

19. BSI denies the allegations in paragraph 19 of the Complaint.

20. BSI reincorporates its answer to paragraphs 1-19 as if fully set forth herein.

21. BSI admits the allegations in paragraph 21 of the Complaint to the extent that they relate to the personal and subject matter jurisdiction over this matter but denies that there is a justiciable matter under 28 U.S.C. § 2201.

22. BSI denies the allegations in paragraph 22 of the Complaint.

23. BSI denies the allegations in paragraph 23 of the Complaint.

### AFFIRMATIVE DEFENSES

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

25. Plaintiff's claims are barred by the doctrine of interpleader under Rule 22 of the Federal Rules of Civil Procedure ("Rule 22").  BSI is a disinterested bank and innocent stakeholder seeking to resolve adverse claims to funds held in the Account, which expose it to the risk of double or multiple liability.  These facts support entry of judgment in favor of BSI on its interpleader counterclaim and bar Plaintiff's claims asserted in the Complaint.

26. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

27. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

28. Plaintiff's claims are barred because the Account Agreement permits BSI to take the actions it undertook.

**WHEREFORE** Defendant/Counterclaimant BSI respectfully requests that the Court:

29. Dismiss the Complaint in its entirety with prejudice; award BSI its costs and attorneys' fees incurred in defending this action; and grant such other and further relief as the Court deems just and proper.

**AGREED INTERPLEADER COUNTERCLAIM**

1. BSI files this counterclaim for an Interpleader Action under Rule 22 against Pamasa, a Guatemalan *sociedad anonima,* and the Mansilla Ortiz Family alleging the following:

**PARTIES, JURISDICTION, AND VENUE**

2. This is an interpleader counterclaim of a sum that exceeds $500 exclusive of interest, costs, and attorneys' fees.

3. Pamasa is a *sociedad anonima* (the equivalent of a United States corporation) incorporated in Guatemala with its principal place of business located at 14 Calle 2-51, Z.10, Guatemala City, Guatemala 01010.

4. Barbara Mansilla Ortiz is a resident of Guatemala.

5. Valerie Mansilla Ortiz is a resident of Guatemala.

6. Francisco Omar Mansilla Ortiz is a resident of Guatemala.

7. Jurisdiction is proper because the action arises under Rule 22, providing that a defendant exposed to double or multiple liability "may seek interpleader through a crossclaim or counterclaim;" and the Edge Act, 12 U.S.C. § 632, providing that district courts shall have original jurisdiction over all civil actions involving "any corporation organized under the laws of the United States . . . arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations." This is a civil suit to which BSI, an Edge Act bank, is a party and the dispute arises from international banking transactions.

8. Further, the action meets the jurisdictional requirements of 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and BSI, as

innocent stakeholder and holder of the funds, is diverse from Pamasa and the Mansilla Ortiz Family.[1]

9. Venue is proper under 28 U.S.C. § 1391 because the property that is the subject of this interpleader counterclaim is maintained in BSI's office in Miami-Dade County, Florida, which is located in this Court's judicial district. Additionally, the applicable account agreement governing the property expressly provides that Pamasa irrevocably submits to the jurisdiction of any state or federal court sitting in Miami-Dade County, Florida in any actions or proceeding relating to or arising out of the account agreement, the terms and conditions, any services offered by the Bank, or the client's accounts with the Bank.

10. BSI has conferred with counsel for Pamasa; Barbara and Valerie; and Francisco, and all parties have agreed that venue and jurisdiction are proper for BSI's request for interpleader relief.

## **GENERAL ALLEGATIONS**

11. BSI is an Edge Act banking corporation chartered under Section 25A of the Federal Reserve Act of the United States of America.

12. Pamasa holds a bank account at BSI. The sole authorized signatory for the Pamasa account was Francisco Rigoberto Mansilla Cordova ("Mr. Mansilla Cordova"). Mr. Mansilla Cordova is now deceased. Barbara, Valerie, and Francisco are Mr. Mansilla Cordova's children. Barbara, Valerie and Francisco each had joint signing privileges.

---

[1] To invoke diversity jurisdiction under Rule 22, a stakeholder must be diverse from all claimants. *See Gold-Fogel v. Fogel*, 16 F.4th 790, 799 n.10 (11th Cir. 2021) ("Under § 1332, a plaintiff must establish complete diversity between the stakeholder and the claimants (in the absence of federal-question jurisdiction) and an amount in controversy of at least $75,000."); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) ("For Rule 22 interpleader, diversity requires the stakeholder—the party seeking adjudication of multiple claims against it—to be diverse from the claimants.").

13. A dispute has arisen between Barbara, Valerie, and Francisco concerning control of Pamasa and thus the Account.

14. On April 14, 2021, Barbara sent a letter to BSI notifying the bank of a provisional court order issued by a Guatemalan criminal court (*Juez de Primera Instancia Penal, Narcoactividad y Delitos contra el Ambiente*) on April 12, 2021.[2] *See* Exhibit 1.  The order allegedly suspended the appointments of Mr. Mansilla Cordova and Francisco as President and Vice President, respectively, of the Board of Directors of Pamasa.

15. Barbara asserted that, as a result, only she and Valerie were authorized to represent Pamasa.  She requested that BSI refrain from transferring any funds from Pamasa's accounts and that all information related to Pamasa be provided exclusively to her and Valerie.

16. Barbara further instructed BSI not to respond to any requests for information or instructions from unauthorized individuals.

17.  On the same day, April 14, 2021, Mr. Mansilla Cordova submitted a written instruction to BSI requesting the cancellation of a certificate of deposit, including accrued interest and subject to any early withdrawal penalties.  *See* Exhibit 2.  He directed that a check for the proceeds be issued in his name.

18.  This request was in direct conflict with the instructions provided by Barbara, as both parties claimed authority to act on behalf of Pamasa and to direct the disposition of the company's assets.

---

[2] The document attached as Exhibit 1 is misdated as April 14, 2020.  However, the provisional court order referenced in the letter in Case No. 05006-2021-00205, and attached thereto, is correctly dated April 12, 2021.  BSI assumes the date on Exhibit 1 is a typographical error and that it was intended to be April 14, 2021.

19. In light of the competing claims of the Account signatories, BSI determined that a dispute existed as to the proper authority over the Pamasa account.

20. On October 14, 2021, BSI formally notified all relevant parties that, pursuant to its Terms and Conditions Governing Accounts, it had placed a block on the Account. *See* Exhibit 3. BSI advised that no transfers or withdrawals would be permitted until the dispute was resolved to the Bank's satisfaction.

21. BSI encouraged the parties to seek legal counsel and indicated that the Bank is authorized to consult with legal counsel itself at Pamasa's expense. BSI made clear to the parties that the freeze would remain in place absent a resolution or a court order clarifying the proper authority.

22. After the account was frozen, both sides continued to communicate with BSI, including through counsel, on multiple occasions. On February 11, 2022, Francisco, through Bryan Cave Leighton Paisner LLP, wrote to BSI maintaining that he was the sole legal representative of Pamasa, and providing documentation dated January 10-13, 2022 from the General Commercial Registry of Guatemala to support his claim that his appointment as Vice President was valid and in effect.

23. He alleged that, after his father's passing, he became acting President under Pamasa's articles of incorporation and began exercising the duties and fulfilling the obligations that correspond to the President. He stated that the Guatemalan proceedings did not revoke or amend his authority as the consequences and implications of that order were still the subject of active litigation. He also warned BSI that it would be risky and potentially unlawful for BSI to release any funds related to Pamasa due to the unresolved legal and criminal matters in Guatemala.

24. Conversely, Barbara and Valerie continued to correspond with BSI, reiterating their position that, pursuant to the Guatemalan court order, they alone were authorized to act for Pamasa and control the account.  Barbara and Valerie also provided competing notarized documents from the General Commercial Registry of Guatemala dated January 26, 2023 and January 18, 2024 recording their appointments as legal representatives of Pamasa.

25. Throughout this period, BSI consistently informed both parties that the freeze on the account would not be lifted absent an order from a U.S. court instructing the Bank to do so.  BSI left the timing and manner of obtaining such an order to the parties, given the ongoing litigation and uncertainty in the Guatemalan courts.

26. Due to the unresolved and competing claims of authority over Pamasa and its Account, and the risk of multiple liability, BSI has instituted this Interpleader Action.

27. BSI is unable to determine control of Pamasa and the Account.  BSI is merely an impartial stakeholder and is indifferent to the claims over the Account.  BSI has incurred no independent liability to Pamasa or the Mansilla Ortiz Family and has done nothing to cause the conflicting claims.  BSI seeks a determination from this Court as to the proper party or parties entitled to control the Account and direct the disposition of its assets.

28. BSI has conferred with counsel for Barbara and Valerie on the one hand and Franciso on the other hand and each of the parties agree that they will not contest BSI's request for interpleader relief and to accept service of this answer and interpleader counterclaim.

29. Also, all parties agree that the funds in the Account will remain held by BSI pending an order from this Court resolving who has authority to control them.

30.  As a result of the conflicting claims regarding control of the Account, BSI has been required to employ the undersigned attorneys and is obligated to pay them reasonable attorneys' fees in connection herewith.  It is well-established that a court has discretion to allow a disinterested stakeholder in an interpleader action to recover costs and attorneys' fees from the stake itself.  *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder."); *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

31. The reasons for this are threefold: (1) "an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation"; (2) "the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants"; and (3) "fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset."  *Id*.

32. In addition, pursuant to BSI's Terms and Conditions Governing Accounts, the Bank is authorized, at Pamasa's expense, to consult with and retain legal counsel with respect to this matter.

33. Therefore, BSI requests that this Court grant an award of attorneys' fees, costs, interest, and such other and further relief this Court deems just and appropriate against Pamasa and the Mansilla Ortiz Family.

**WHEREFORE** Defendant/Counterclaimant BSI demands that:

34. The Complaint is dismissed without prejudice.

35. The Court enter an Order of Interpleader within the meaning of Rule 22 of the Federal Rules of Civil Procedure.

36. BSI is authorized to hold the funds in the Account pending an order from this Court as to who controls the funds and is discharged from all liability with respect to the Account, Pamasa, Barbara, Valerie, and Francisco.

37. Pamasa, Barbara, Valerie, and Francisco are required to interplead and litigate between themselves their respective rights to the Account.

38. Pamasa, Barbara, Valerie, and Francisco are restrained from instituting any further actions against BSI for recovery of any portion of the proceeds of the Account.

39. BSI is entitled to reasonable attorneys' fees, plus interest, and all other relief the Court deems just and proper under the circumstances of this case.

Dated: October 31, 2025

Respectfully submitted,

*/s/      Gustavo J. Membiela*
GUSTAVO J. MEMBIELA
Florida Bar No. 513555
WINSTON & STRAWN LLP
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel: (305) 910-0500
Email: GMembiela@winston.com

*Counsel for Banco Santander International*