**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-cv-23861-RKA

PAMASA S.A.,

 Plaintiff,

v.

BANCO SANTANDER INTERNATIONAL,

 Defendant,

_____/

BANCO SANTANDER INTERNATIONAL,

 Counterclaimant,

v.

PAMASA S.A., BARBARA MANSILLA
ORTIZ, VALERIE MANSILLA ORTIZ, and
FRANCISCO OMAR MANSILLA ORTIZ,

 Counterclaim-Defendants,

_____/

FRANCISCO OMAR MANSILLA ORTIZ,

 Cross-Claimant,

v.

PAMASA S.A., BARBARA MANSILLA
ORTIZ, VALERIE MANSILLA ORTIZ,

 Cross-Defendants,

_____/

**PAMASA S.A., BARBARA MANSILLA ORTIZ AND**
**VALERIE MANSILLA ORTIZ'S MOTION TO DISMISS**
**<u>CROSSCLAIM OF FRANCISCO MANSILLA ORTIZ</u>**

1

Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), Cross-Defendants Pamasa, S.A. ("Pamasa"), Barbara Mansilla Ortiz ("Barbara"), and Valerie Mansilla Ortiz ("Valerie"), move to dismiss the Crossclaim [ECF No. 23] of Francisco Omar Mansilla Ortiz ("Francisco Jr.").

As framed by the Interpleader Counterclaim of Banco Santander International [ECF No. 12] and the Order After Status Conference [ECF No. 18], the **sole** issue before this Court is – **who is in control of Pamasa**? It is not who *owns* Pamasa – it is who *controls* Pamasa. That question has already been answered by Francisco Jr. He admits that his sisters Barbara and Valerie gained control of Pamasa after lengthy court proceedings in Guatemala, and he admits that they control Pamasa today. The case should end there.

But Fransico Jr. is predictably not happy with the Guatemalan court orders, and he is not going away quietly. He refuses to give up his failed quest to control Pamasa and intends to get the proverbial *second bite at the apple* here, in this Court, by relitigating the issue of who allegedly should have obtained control of Pamasa which, again, was already decided conclusively by multiple courts of Guatemala. To be clear, multiple Guatemalan courts presided over this issue for years; they considered evidence, applied Guatemalan law and made final rulings. The Commercial Registry of Guatemala identifies Barbara and Valerie as the persons in control. But Fransico Jr. will not be deterred by the Guatemalan courts or universally accepted principles of law or the Commercial Registry.

Importantly, Francisco Jr. confuses *control* and *ownership*. All of Francisco Jr.'s claims are premised on the supposition that he will someday own less than 1% of Pamasa as the "universal heir" of his late father's estate, and therefore this Court should disregard the Guatemalan orders and the Commercial Registry and give him control of Pamasa. In advancing his theory, he makes dramatic claims in this Court of alleged fraud, deceit, conspiracies, forged documents, crooked judges, and faulty judicial proceedings—all claims that he previously raised or could have raised in the Guatemala proceedings that gave Barbara and Valerie control. But this is just noise as under Guatemalan law, ownership is irrelevant as to who *controls* a corporation. In other words, even if Francisco Jr. one day owns 1% of Pamasa (which Barbara and Valerie are currently contesting in Guatemala), he still would have no right of *control*.

Francisco Jr. does not stop there. He also wants this Court to inject itself into a pending probate dispute in Guatemala, that has **nothing** to do with control of Pamasa, and he asks the

2

Court to make rulings in this case that will have consequences in those cases. According to Francisco Jr., he has been appointed executor of the estate of his father and there is a "probate process" pending in Guatemala. In other words, there is a present and ongoing inheritance dispute in Guatemala between the Mansilla Ortiz siblings. He claims that there are hundreds of millions worth of assets and foreign entities which allegedly belong to the estate, *none* of which are referred to in the Interpleader Counterclaim [ECF No. 12], the operative complaint here, *none* of which are subject to the jurisdiction of this Court, and *none* of which are in the United States. In other words, Francisco Jr. wants this Court to go way beyond the issue of control of Pamasa and to intervene in a pending testamentary dispute in Guatemala, where all the parties are in Guatemala, all assets are in Guatemala, all the evidence is in Guatemala, all the claims are governed by Guatemalan law, and all the claims involve alleged activities in Guatemala.

The Court should see Francisco Jr.'s Crossclaim for what it really is – a baseless attempt to further delay Pamasa from gaining access to its account at Banco Santander, a ploy to relitigate control of Pamasa in a different jurisdiction (hoping for a different result), and an effort to create chaos in a pending probate dispute in Guatemala. The Court should have none of it.

Francisco Jr.'s' claims should be dismissed with prejudice for the following reasons:

1.     This case only deals with control of Pamasa and nothing else;

2.     There is no controversy here – Barbara and Valerie control Pamasa.

3.     Francisco Jr.'s claims are barred by the doctrine of res judicata;

4.     Francisco Jr's claims are barred by the doctrine of collateral estoppel;

5.     Francisco Jr.'s claims are barred by the doctrine of claim splitting;

6.     The Court lacks subject matter jurisdiction over Francisco Jr.'s claims;

7.     The Court lacks personal jurisdiction, except on the issue of control of Pamasaa;

8.     Francisco Jr.'s claims are barred because Florida is not the proper forum;

9.     The Court should refrain from considering Francisco Jr.'s claims due to comity;

10.    Francisco Jr.'s claims are barred because he has no current standing or injury;

11.    Francisco Jr.'s claims belong to his father's estate, not to him individually;

12.    Francisco Jr. has not set forth Guatemalan claims, despite its law applying.

13.    Francisco Jr. fails to plead fraud with particularity; and

14.    Francisco Jr. does not plead an insufficient remedy in the probate proceeding.

3

## Memorandum of Law

### I.        The Only Question In This Case Is: Who Controls Pamasa?

As a starting point, it is important to stress that this case only deals with who ***controls*** Pamasa and nothing else. Banco Santander's Interpleader Counterclaim [ECF No. 12] tees up only that issue, and the Interpleader Counterclaim is the "operative complaint" in this case. Order After Status Conference, ECF No. 18, at ¶ 1 ("The Interpleader Complaint [ECF No. 12] is now the operative Complaint in this case"). Indeed, counsel for Francisco Jr. admitted at the November 4, 2025 Status Conference that, "**the issue here is who has the authority to control Pamasa.**" Transcript, ECF No. 22-5, 12:12-14 (emphasis added). The Court recognized the limited scope of this case by stating, "I'd like to resolve this thing as quickly as possible." *Id*. at 6:21-22. The Court further observed, "We could just have everybody come and testify, one at a time, and then I decide **who is supposed to be in charge here**." *Id*. at 7:24-25 & 8:1-2 (emphasis added). Notably, in Count III of his Crossclaim for Declaratory Relief, Francisco Jr. asks for a declaratory judgment regarding who controls Pamasa's account at Banco Santander, ***not*** who controls Pamasa itself. But Francisco's Jr's nuanced spin makes no difference because the persons who controls Pamasa controls the account.

Importantly, the parties agreed to fast track this case and presented a schedule (which the Court agreed to) with a trial only six months from now in July of 2026. *See* Order Setting Trial, ECF No. 24, p. 1. The discovery cut-off is March 17, 2026. *Id*. at 2. If the Court were to deviate beyond the narrow issue of control of Pamasa, there is no way that the parties could possible complete discovery by March 17 and be ready for trial in July. Specifically, Francisco Jr.'s elaborate claims of "ownership" that are unrelated to control and involve: (i) parties and witnesses that are mostly, or all, in Guatemala, (ii) evidence that is mostly, or all, in Guatemala, (iii) examination and analysis of at least four different Guatemalan orders and judgments, (iv) activities and conduct that mostly, or all, occurred in Guatemala, (v) hundreds of millions of dollars of alleged assets in dispute that are mostly, or all, located in Guatemala. Such a case could not be completed quickly. It would take years, which is exactly what the Court told the parties it does not want.

There is a reason that the Court, Pamasa, Valerie, and Barbara and even Francisco Jr.'s counsel have all identified ***control*** as the only issue that matters. It is fundamental that assets of a

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

company belong to the company, not its shareholders or owners. *See, e.g., Doctor Rooter Supply & Serv. v. McVay*, 226 So. 3d 1068, 1073 (Fla. 5th DCA 2017). But despite this unassailable principle and the recognition that the account is held by Pamasa, Francisco Jr. alleges that "the funds that Mansilla Córdova transferred into [Pamasa's] Account—including all amounts that remain in the Account to this day—belonged exclusively to him, and neither his children nor any third party had any claim to them" because this was an estate planning device. ECF No. 23, ¶ 22. In other words, Francisco Jr. claims that his deceased father transferred his personal assets to Pamasa, but he did not really "intend" for Pamasa to be the true owner of the assets. *Id.* at ¶ 23. Based upon this nonsensical theory that Pamasa's funds are not really Pamasa's funds, Francisco Jr. seeks a declaration that "[t]he funds in the Account do not belong to Pamasa, because they belong to Mansilla Córdova individually" and "that Francisco is authorized to control the Account and access the funds therein, either individually or in his capacity as Executor of the estate of his father," Mr. Córdova. *Id.*, ¶¶ 93(i) and p. 24. Clearly, this theory and the relief sought fail as a matter of law.

## II. Under Guatemalan Law, Barbara and Valerie Control Pamasa

With that in mind, there is no dispute that Barbara and Valerie control Pamasa. While Barbara and Valerie dispute many of the allegations in Francisco Jr.'s Crossclaim, they do agree on a few things. First, the Constitutional Court of Guatemala gave Barbara provisional control of Pamasa, until such time permanent administrators were installed pursuant to Guatemalan law. *See* ECF No. 23, ¶ 55. Second, after multiple shareholder meetings, as required by Guatemalan law, Barbara and Valerie were installed as "permanent" sole administrator and general manager, respectively. *Id.* at ¶ 62. And Third, Fransico Jr. admits, "Today, Guatemala's Commercial Registry reflects that Valerie acts as the General Manager and Barbara as the Sole Administrator of Pamasa" and that they control Pamasa. *See id.* at ¶ 64.

We do not have to take Francisco Jr. at his word on the issue of control. Guatemalan law expert Gerardo Anleu confirms that Barbara Mansilla Ortiz's appointment as Sole Administrator and Legal Representative of Pamasa was notarized and recorded on January 9, 2024. *See* Expert Report of Gerardo Anleu, attached as Exhibit 1, at ¶ 21. Mr. Anleu further confirms that Barbara's appointment as General Manager and Legal Representative was notarized and recorded on January 13, 2023. *Id.* at ¶ 23. He further confirms that the Mercantile Registry in

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Guatemala City identifies Barbara as Sole Administrator and Legal Representative and Valerie as General Manager. *Id.* at ¶ 26. Mr. Anleu also confirms that the appointments are current and in full force and effect. *Id.*

For purposes of control (the sole issue before the Court) Mr. Anleu reports as follows:

> **It is important to note** that, pursuant to **Article 51 of the Guatemalan Commercial Code**, only **administrators, including managers, or a duly authorized attorney-in-fact** are entitled to use the company's **corporate name**, and therefore **no person other than such individuals**, including **shareholders**, may act on behalf of the company. **Accordingly, SANTANDER must not, and may not, accept instructions from any person who is not a duly appointed administrator of PAMASA registered with the Mercantile Registry**, even if such person is a shareholder of the company.

*Id.* at ¶ 25. This is a key issue here. Mr. Anleu explains that under Guatemalan law, shareholders cannot control a corporation by virtue of their status as shareholder. Why is this critical? Because, again, all of the claims raised in Francisco Jr.'s Crossclaim are premised on the notion that he will someday allegedly inherit 1% of Pamasa. *See* ECF No. 23, ¶ 61. But again, even if Francisco Jr. were to own what amounts to less than 1% of Pamasa, he still would not have <u>*control*</u> of Pamasa. The Court need not consider anything beyond that for purposes of dismissing Francisco Jr.'s entire Crossclaim.

### III.    <u>Francisco Jr.'s Claims are Barred by the Doctrine of Res Judicata</u>

Notwithstanding the foregoing, Francisco Jr.'s back-door attempt to take control of Pamasa via his claims of alleged "ownership" should be summarily dismissed based on res judicata. "A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint." *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Res judicata bars "claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). "[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted . . . in the earlier action." *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (emphasis added, internal footnote omitted). "To invoke res judicata—also called claim preclusion—a party must establish four elements: that the prior

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)). As set forth below, all the elements of res judicata.

### A.     Guatemala Has Competent Jurisdiction.

The Guatemalan courts are courts of competent jurisdiction. "A court has competent jurisdiction for purposes of res judicata when it had competent jurisdiction over the originally litigated claim . . . ." *Johnson v. Girl Scouts of the United States*, 596 F. App'x 797, 799 (11th Cir. 2015). Here, as Francisco Jr. admits that there was an *amparo* action in Guatemala where the issue of control of Pamasa was litigated and resulted in the Constitutional Court of Guatemala giving Barbara provisional control of Pamasa. *See* ECF No. 23, ¶¶ 37 and 55. "In Guatemala, an *amparo* is a legal action that seeks to protect parties from violations of their constitutional rights." *Id.* ¶ 28. "The Guatemalan Constitutional Court 'is the highest court of Guatemala along with the Supreme Court of Justice [and] handles constitutional challenges raised in individual cases . . . ." *Castillo v. Cessna Aircraft Co.*, No. 08-21850-CIV-GOLD/McALILEY, 2010 U.S. Dist. LEXIS 150043, at *8 n.5 (S.D. Fla. July 22, 2010) (citation omitted). Very simply, there is no dispute that the Constitutional Court of Guatemala is a court of competent jurisdiction, and therefore, the first element of res judicata is met.

### B.     The Prior Decisions Are Final.

In the *amparo* action, Barbara and Valerie sought protection in their capacity as Pamasa's board members because there was a danger that Francisco Jr. was attempting to loot the property of Pamasa for himself. ECF No. 23, ¶¶ 28-29. In affirming the *amparo* from the lower court, the Constitutional Court of Guatemala "ordered that the corporations in question be legally represented, provisionally, by [Barbara], and so on, while the corresponding corporate bodies make the definitive designation of the administrative body in order to regularize its legal status." *Id.*, ECF No. 23-4, pp. 47-8. Thus, the highest Guatemalan court ordered that Barbara was the legal representative until the administrative body of the Pamasa made a "definitive designation" otherwise. *Id.*

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Subsequently, in December 2022, Valerie was appointed a legal representative of Pamasa by its administrative body. *See* ECF No. 23, ¶¶ 63-64. That appointment was notarized and recorded on January 13, 2023. *See* Ex. 1 at ¶ 23. In January 2024, Barbara was appointed a legal representative of Pamasa by its administrative body. *See* ECF No. 23, ¶¶ 63-64. That appointment was notarized and recorded on January 9, 2024. *See* Ex. 1 at ¶ 21. Accordingly, under Guatemalan law, not only were Valerie and Barbara provisionally installed as legal representatives by the Constitutional Court of Guatemala, they were later permanently installed after General Shareholder Meetings. [1] (ECF No. 23-4, pp. 47-8). Because the highest court in Guatemala ordered that whoever Pamasa's administrative body chose as its legal representative would be the definitive legal representative of Pamasa, and Valerie and Barbara were appointed as such, the Guatemalan courts have spoken with finality on the identity of Pamasa's legal representatives. The second element of res judicata is met.

### C.   The Guatemalan Proceedings Involved Same Parties.

This action involves Pamasa, Valerie, Barbara, and Francisco Jr. The *amparo* action and its related litigation included these same parties. ECF No. 23-3, pp. 41-42 (the intermediate Guatemalan court lists Valerie, Barbara, Pamasa, and Francisco Jr. as involved parties in the litigation). At the very least, each of these individuals was in privity of the *amparo* action. *See Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1327 (11th Cir. 2024) (defining privity to be "the 'relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty,' including those where 'a substantive legal relationship existed between the person to be bound and a party to the judgment' and a 'nonparty' who 'was adequately represented by someone who was a party to the suit'") (citation omitted). The third element is met.

### D.   The Guatemalan Proceedings Involved Same Causes of Action.

The fourth element of res judicata concerns whether Francisco Jr.'s' claims "arise[] out of the same nucleus of operative facts, or [are] based upon the same factual predicate, as [the *amparo*]." *TVPX ARS, Inc.*, 959 F.3d at 1325 (quoting *Griswold v. Cnty. Of Hillsborough*, 598

---

[1] As admitted by Francisco Jr, a company called Agricola El Amate owns 99% of the shares Pamasa. The Constitutional Court of Guatemala also gave control of Agricola El Amate to Barbara and Valerie. ECF No. 23, ¶¶ 24, 62.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

F.3d 1289, 1293 (11th Cir. 2010)). Two claims arise out of the same operative nucleus of facts if "the primary right and duty are the same." *Id.* (quoting *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007)). "The test is one of substance, not form." *Manning*, 953 F.2d at 1358 (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986)). "[A]ll legal theories and claims arising out of the same operative nucleus of fact" are barred, regardless of the precise legal theory presented in the previous litigation. *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1376 (11th Cir. 2011) (quoting *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998)).

The *amparo* action and this action are based on the same right and duty: who **_controls_** Pamasa. The Guatemala Constitutional Court decided this in 2022, ruling Barbara should control while Pamasa's administrative body appointed someone who would control permanently. ECF No. 23-4, pp. 47-8. Francisco Jr. attempts to escape this result by raising incendiary allegations, including that Valerie and Barbara "forg[ed]" their father's signature in 2018 [ECF No. 23, ¶ 16], that they "started transferring assets to newly created foreign entities under their control" in 2021, *id.* ¶ 50, that the "intent" of their father in 2020 was otherwise, *id.* ¶¶ 23, 27, and that there were "blatant procedural and substantive deficiencies and irregularities" in the *amparo* litigation. *Id.* ¶ 30. But all the allegations having occurred before April 11, 2021, when the *amparo* action was filed, are barred because they were or could have been litigated then. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013) (stating that res judicata bars both "claims that were or could have been litigated in a prior action between the same parties"). And though Francisco Jr. takes issue with where the *amparo* action was filed and implies the *amparo* judges are corrupt, the fact of the matter is the Guatemala Constitutional Court affirmed the *amparo*—something they were in the best position to scrutinize. ECF No. 23, ¶¶ 30 and pp. 67-8. Having disliked the results in Guatemala, Francisco Jr. now improperly asks this Court to "scrutin[ize] . . . the [Guatemalan judicial system] in which [Valerie and Barbara] acquired and have maintained those positions . . . ." ECF No. 23, ¶ 3. The Court should decline the invitation.

Notably, Francisco Jr. has files multiple *quejas* in Guatemala trying to overturn the *amparo* but the Constitutional Court has rejected every one of them. A *queja* is a form of grievance or complaint that a litigant can file attacking a decision by a court. Indeed, in the Order

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

rejecting one of the latest *quejas*, the Court warned Francsico Jr. and his lawyers that if they continued filing frivolous motions, they would be sanctioned.

> The Constitutional Court . . . [w]arns the complainant to refrain from making notoriously inappropriate requests [such as the present procedural correction], for unnecessarily burdening the system of constitutional justice, by acting disloyally and abusing the law; the foregoing without prejudice to the imposition of sanctions regulated by the law of the matter, both for the promotor of the motion and his assisting attorneys….

*See* Order of Constitutional Court of Guatemala; Case No.: 8481-2024, at page 9, attached as Exhibit 2. This Court should not let Francisco Jr. do here what the Guatemalan courts have not allowed him to do in Guatemala.

### IV.     Francisco Jr. is Collaterally Estopped from Bringing His Claims.

Similarly, Francisco Jr.'s claims are barred by collateral estoppel. "[C]ollateral estoppel may be raised on a Rule 12(b)(6) motion . . . if the defense 'can be judged on the face of the complaint.'" *Trump v. ABC, Inc.*, 742 F. Supp. 3d 1168, 1175 (S.D. Fla. 2024) (quoting *Harrell v. Bank of America, N.A.*, 813 F. App'x 397, 400 (11th Cir. 2020)). Where a party's "entire complaint is based on defendants' alleged conduct during prior proceedings—and the preclusive effect of those proceedings—the motion to dismiss [is] a proper vehicle for raising res judicata and collateral estoppel." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 n.2 (11th Cir. 2019). Collateral estoppel applies when:

> (1) The issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the earlier proceeding; (3) the determination of the issue must have been a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue.

*Id* at 871. The issues presented by Francisco Jr.'s claims are identical to those previously presented to the Guatemalan court prior to its ruling in the *amparo* action. The Guatemalan court in 2022 ruled Barbara should control while Pamasa's administrative body appointed someone who would control definitively. ECF No. 23-4, pp. 47-8. Francisco Jr.'s failure to succeed on a prior claim is irrelevant. *See Jacobs v. Estefan*, No. 15-22393-CV-MARTINEZ/GOODMAN,

10

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

2016 U.S. Dist. LEXIS 193682, at *10-11 (S.D. Fla. July 6, 2016) (reviewing prior cases to determine that same issues were decided unfavorably to plaintiff).

The determination of the issue – control of Pamasa – was critical to the earlier judgment. *See* ECF No. 23-4, pp. 47-8 (the Constitutional Court of Guatemala "ordered that the corporations in question be legally represented, provisionally, by [Barbara], and so on, while the corresponding corporate bodies make the definitive designation of the administrative body in order to regularize its legal status."). That issue was previously litigated and concluded in the *amparo* action. Francisco Jr. admits as much. *See id.* at ¶ 28. As the issue has been previously litigated, Franciso Jr.'s Crossclaim should be dismissed. *See Walker v. United States*, No. 2:24-cv-14222-KMM, 2025 LX 33311, at *11 (S.D. Fla. Feb. 14, 2025) (dismissing claims where "issue was already litigated and resolved in State Action.").

## V.      Francisco Jr.'s Claims are Barred by the Doctrine of Claim-Splitting.

The claims-splitting doctrine also bars Francisco Jr.'s claims. "In essence, the claim-splitting doctrine 'requires a plaintiff to assert all of [his or her] causes of action arising from a common set of facts in one lawsuit.'" *Klayman v. Porter*, No. 22-13025, 2023 U.S. App. LEXIS 4821, at *7 (11th Cir. Feb. 28, 2023) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021)). Like res judicata, claims-splitting promotes judicial economy and shields parties from vexatious and duplicative litigation. *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 841 (11th Cir. 2017). But whereas res judicata requires finality, the claims-splitting doctrine does not. *Id.* Instead, claims-splitting focuses on the district court's discretion and its ability to manage its own docket by applying a two-part test: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Kennedy,* 998 F.3d at 1236 (quoting *Vanover*, 857 F.3d at 841-42). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Id.*

This subsequent litigation regarding ***control*** meets both requirements. First, the pending probate proceedings in Guatemala involve the same parties as those involved in this litigation. And second, both actions are based on the same operative facts. The Eleventh Circuit has adopted the "transactions test" to determine whether a cause of action arises from the same transaction(s) as the previous litigation. *Id.* "Under the transactional test, a new action will be

11

permitted only where it raises new and independent claims, not part of the previous transaction, based on the new facts." *Id.* This action, where Francisco Jr. claims to be "the sole heir and beneficiary" of his father, is not new and independent of the pending probate claims in Guatemala. ECF No. 23, ¶ 77.

### VI.     The Court Lack Subject Matter Jurisdiction Over Francisco Jr.'s Claims.

Since Francisco Jr.'s entire Crossclaim is premised on ownership, it should also be dismissed as the Court lacks subject matter jurisdiction over Pamasa, Barbara, and Valerie for any claim relating to alleged ownership, or any other issue except for control.

To begin, there is no diversity between Pamasa, Barbara, Valerie, and Francisco, Jr.—all are citizens of Guatemala. Francisco Jr. recognizes that subject matter jurisdiction over his claims requires the Court to exercise supplemental jurisdiction. ECF No. 23, ¶ 11. But supplemental jurisdiction is only proper over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, the claim of original jurisdiction is who *controls* Pamasa and its bank account and nothing else. Francisco Jr.'s Crossclaim is entirely unrelated to the issue of control. He alleges a purported complex and extensive scheme dating back over seven years to October of 2018, in which Valerie and Barbara purported to defraud their father and Francisco Jr. from all of their assets—not just Pamasa and its account. ECF No. 23, ¶ 16. Indeed, Francisco Jr. admits that Barbara and Valerie "understood that **because they now controlled Pamasa**, they also were in a position to take control of the entities under Pamasa's control . . . ." *See id.* ¶ 45. Essentially, Francisco Jr. wants to litigate a purported elaborate fraud perpetuated on Guatemala's courts which gave Barbara and Valerie control—but he does not attempt to litigate control itself.

Further, even if supplemental jurisdiction exists (it does not), the Court may decline to exercise supplemental jurisdiction if, in relevant part, "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C § 1367(c). While the third element is not yet applicable, the first, second, and fourth factors are met.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

As to the first factor, Francisco Jr.'s claims raise complex issues of Guatemalan law. Francisco Jr. makes no attempt to allege the elements of alleged Fraud (Count I) or Intentional Interference with Inheritance (Count II) under Guatemalan law. It is not clear whether such claims even exist under Guatemalan law. The existence of such claims, and the elements of such claims (if they exist), would have to be litigated through expert testimony.

As to the second factor, Fransico Jr.'s claims would predominate over the issue of control of Pamasa. "Substantial predominance exists 'when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Morgan v. Christensen*, 582 F. App'x 806, 808 (11th Cir. 2014) (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006)). The federal claim here is which party controls Pamasa, and therefore, its bank account. Francisco Jr. wants the Court to determine whether Valerie and Barbara's unquestioned control of Pamasa should be somehow *revoked* based upon an over seven-year-old purported fraud. That is the definition of predominance. Francisco Jr. seeks to dramatically expand this lawsuit to litigate who ***should have control*** of Pamasa, not who ***actually has control of*** Pamasa.

For the final factor, there are compelling reasons for declining jurisdiction. The parties agreed to fast track this case and presented a schedule, which the Court adopted, with a trial in July of 2026. *See* Order Setting Trial, ECF No. 24. If the Court were to look beyond the issue of control of Pamasa, there is no way that this case could be ready for trial in July. That is a compelling reason for declining supplemental jurisdiction, even if supplemental jurisdiction exists (it does not).

## VII.   The Crossclaim Does Not Allege Personal Jurisdiction.

Further, Francisco Jr.'s Crossclaim does not allege personal jurisdiction as to Pamasa, Barbara or Valerie. "In examining whether personal jurisdiction is proper as to a particular party, [the court] must determine whether the exercise of jurisdiction would be appropriate under the long-arm statute of the relevant state . . . ." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015). "'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Id.* (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Francisco Jr. alleges that Valerie and Barbara are citizens and

residents of Guatemala, and that Pamasa is a Guatemalan entity. Yet Francisco Jr. does not allege personal jurisdiction as to them. Indeed, Francisco Jr.'s Crossclaim does not allege *any* actions that took place in Florida.

Perhaps Francisco Jr. believes that the Court automatically has jurisdiction over Valerie, Barbara, and Pamasa due to Pamasa's original Complaint or their later-filed Crossclaims. But that is not the law. *See Edwards v. Johnson*, 569 So. 2d 473, 474 (Fla. 1st DCA 1990) (rejecting trial court's finding "that, when a nonresident files an action in a Florida court, that court automatically acquires personal jurisdiction over him as to whatever different matter might be asserted in a permissive counterclaim."). Instead, in *Edwards*, the court noted that "a plaintiff who initiates an action in a Florida court subjects himself to the jurisdiction of that court, and to such lawful orders which are thereafter entered, **only with respect to the subject matter of the action**." *Id.* (citing *Burden v. Dickman*, 547 So.2d 170, 172 (Fla. 3d DCA 1989)) (emphasis added). Where a party subjects itself to the jurisdiction of the court for one issue, the plaintiff does "not thereby automatically waive any objections to personal jurisdiction he might have as to matters raised in a permissive counterclaim." *Id.* It remains the counter-plaintiff's "burden to show that personal jurisdiction could be obtained under" Florida's long arm statute. *Id. Edwards* controls here. By seeking a declaration as to the discrete issue of control of Pamasa, Valerie, Barbara, and Pamasa plainly did not subject themselves to jurisdiction in Florida to litigate claims associated with their late-father's estate and their inheritance in Guatemala.

## VIII.   Guatemala is the More Convenient Forum for Plaintiff's Claims.

Francisco Jr.'s claims belong in Guatemala, not Florida. A court should dismiss a claim for forum non conveniens when "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001). All three of those elements are present here.

### A.   An Adequate Alternative Forum is Available.

The alternative forum must be both available and adequate. *Id.* at 1311. "An alternative forum is 'available' to [a party] when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Id.* An alternative forum is adequate if "the alternative forum offers at least some relief." *Id.* Guatemala is an available and adequate forum. The availability was

14

evidenced by the *amparo* litigation, where the Guatemalan courts considered in part whether any fraud had occurred in the gaining of control of Pamasa. ECF No. 23, ¶ 32. Just like the Guatemalan courts then considered fraud to determine who controls Pamasa, they could also now consider Francisco Jr.'s fraud claim. The same goes for the tortious interference with inheritance claim. Francisco Jr. seems to suggest that Guatemala is an inadequate forum because Guatemalan judges are corrupt. *See id.* ¶¶ 67-68. Unsurprisingly, "the argument that the alternative forum is too corrupt to be adequate 'does not enjoy a particularly impressive track record'" in the Eleventh Circuit. *Leon*, 251 F.3d at 1311-12 (quoting *Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078, 1084 (S.D. Fla. 1997)).

To succeed in such an argument, it is Francisco Jr.'s burden to present "significant evidence" of "serious corruption or delay." *Id.* at 1312. "[W]here the allegations are insubstantially supported . . . a District Court may reject them without considering any evidence from the [party for moving for forum non conveniens]." *Id.* Francisco Jr. has offered no significant evidence of serious corruption in Guatemala. He does not even assert that there is corruption, just that there might be, suggesting that that there is "**potential** corruption" in Guatemalan courts. ECF No. 23, ¶ 67 (emphasis added). He cites an alleged ongoing criminal investigation without any allegation of actual corruption found. *Id.* And he cites a 2021 U.S. State Department that names one of the judges from Guatemala's Constitutional Court not as corrupt, but as someone who is potentially undemocratic. *See id.* ¶ 68. Importantly, people on this list can be named simply because the state department is "aware of . . . allegations" against that person. Nowhere does any significant evidence provided by Francisco Jr. show that judges are effectively corrupt in Guatemala. As such, the Court should reject such an assertion.

### B.     Public and Private Factors Weigh in Favor of Dismissal.

"Relevant public interest factors include the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *Lisa, S.A. v. Mayorga*, 441 F. Supp. 2d 1233, 1240 (S.D. Fla. 2006) (citing *Satz*, 244 F.3d at 1284.). This case is on an expedited track with a trial date set of July 13, 2026. ECF No. 24, pp. 1-2. Closing the pleadings and seeking the appropriate discovery including deposing the out of jurisdiction witnesses to litigate Francisco Jr.'s claims would take years. "The scope of [the claims] is massive, and the 'administrative burden of this case should be on the jurisdiction with the most

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

significant contacts with the alleged occurrences,' i.e. Guatemala." *Lisa, S.A.* 441 F. Supp. 2d at 1240 (citing *Postol v. El-Al Israel Airlines, Ltd.*, 690 F. Supp. 1361, 1365 (S.D.N.Y. 1988)).

Further, as explained further below, Guatemalan law plainly controls Francisco Jr.'s claims. *See id.* at 1240 (citing *Chierchia v. Treasure Cay Serv.*, 738 F. Supp. 1386, 1389 (S.D. Fla. 1990)) (where "the fraud occurred in Guatemala, the conduct causing the injury occurred in Guatemala, the domicile, residence, nationality, place of incorporation and place of business of nearly all of the parties is Guatemala, and the place where the relationship between the parties is centered is Guatemala, it is probable that Guatemalan law will apply."). Guatemala has an interest in adjudicating Franscisco's claims based on alleged wrongdoing regarding his inheritance because a Guatemalan court is already adjudicating the issue in the probate proceeding. *See* ECF No. 23, ¶ 61. Because all of the elements of forum non conveniens are met, Francisco Jr.'s Crossclaim should be dismissed.

### C.      Francisco Jr. Can Maintain the Guatemalan Proceedings.

Francisco Jr. alleges that he was appointed Executor of his father's estate on November 8, 2024, and a public notarial declaration of universal heir to his father's estate was issued on March 25, 2025. ECF No. 23, ¶ 61. However, he further states at "[t]he remedies available to Francisco Jr. through the probate process in Guatemala are inadequate." *Id.* ¶ 90. That cannot be true while Francisco Jr. initiated and is involved actively in the probate proceeding in Guatemala. *See id.* That probate proceeding is ongoing. The fact that Francisco Jr. may not obtain the result he desires in Guatemala does not mean that Guatemala is not an adequate forum.

### IX.      The Court Should Not Interfere in the Guatemalan Court Proceedings.

Comity provides that "abstention from the exercise of jurisdiction is appropriate in some private international disputes." *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1305 (11th Cir. 2008). "In evaluating whether comity is appropriate, we consider '(1) whether the judgment was rendered via fraud; (2) whether the judgment was rendered by a competent court utilizing proceedings consistent with civilized jurisprudence; and (3) whether the foreign judgment is prejudicial, in the sense of violating American public policy because it is repugnant to fundamental principles of what is decent and just." *EGI-VSR, LLC v. Coderch*, 963 F.3d 1112, 1120 (11th Cir. 2020) (quoting *Turner Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1519 (11th Cir. 1994)). "We also consider 'whether the central issue in dispute is a matter of foreign

Homer Bonner Jacobs Ortiz, P.A.

1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131

305 350 5100 | www.homerbonner.com

law and whether there is a prospect of conflicting judgments.'" *Id.* (citation omitted) (cleaned up). Each of the factors weighs in favor of abstaining, as set forth above. There is no reason for the Court to interject itself in complex Guatemalan probate and civil proceedings.

### X.     Francisco Jr. Lacks Standing.

Francisco Jr. lacks standing to maintain claims for Fraud (Count I) and for Declaratory Judgment (Count III). Standing consists of three elements: injury in fact, causation, and redressability. *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 145 S. Ct. 2121, 2133 (2025). "A plaintiff at the pleading stage, as the party invoking federal jurisdiction, bears the burden of establishing these elements by alleging facts that 'plausibly' demonstrate each element." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021) (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020)). Thus "the plaintiff [must plausibly] show that the defendant harmed him, and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Choc., Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).

Francisco Jr. cannot show he has standing to maintain Counts I and III because he lacks an injury in fact. For the injury in fact element, a plaintiff needs to plead an injury that "is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1113 (11th Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "A concrete injury is one that actually exist[s] and is real rather than abstract. A particularized injury is one that affect[s] the plaintiff in a personal and individual way. An actual or imminent injury, unlike a conjectural or hypothetical one, is one which has occurred, is certainly impending, or has substantial risk of occurring." *Baughcum v. Jackson*, 92 F.4th 1024, 1031 (11th Cir. 2024) (internal quotations and citations omitted).

The "actual or imminent" subtest of the injury in fact element "often depends on the type of relief the plaintiff seeks." *Sierra*, 996 F.3d at 1113. Since Francisco Jr.'s claims "seek[] damages, we consider whether an alleged past harm occurred." *Id.* Both of Francisco Jr.'s claims at least partly rest on alleged *future* harm—that whenever probate ends, Francisco Jr. will not get the funds in the account, which he feels entitled to as "the sole heir and beneficiary under [the father]'s will . . . ." ECF No. 23, ¶¶ 77, 87. First, this is not and cannot be a probate action. *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021) ("[A] federal court may not

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

exercise diversity jurisdiction over state probate matters."). And second, if a claim arises based upon a probate issue in the future, then that will be a problem then. But until then, Francisco Jr. cannot seek damages for an alleged future harm.

Moreover, since Francisco Jr. has filed his crossclaims in his own individual capacity, he only has standing to assert his "own legal rights and interests and cannot assert the rights or interests of someone else." *United States S.E.C. v. Quest Energy Mgmt. Grp.*, 768 F.3d 1106, 1108-09 (11th Cir. 2014). Francisco Jr. alleges that the bank account funds are part of the estate and that he is the sole heir. *See* ECF No. 23, ¶¶ 74, 76-77. However, "[u]nder Florida law, it is the personal representative who is authorized to bring an action for the return of estate assets." *Baumann v. Dabrota,* No. 91-623-CIV-T-17A, 1992 U.S. Dist. LEXIS 3712 * (M.D. Fla. March 23, 1992) (citing *Sharps v. Sharps*, 214 So.2d 492 (Fla. 3d DCA 1968)). "An heir, beneficiary, or surviving spouse does not have standing to bring such an action." *Id.* at *4-5. Similarly, Francisco Jr. as an individual has not met his burden of showing he has standing to bring claims of fraud or declaratory judgment for any assets supposedly of his father's estate.

**XI.     Francisco Jr. Does Not Establish Claims under Guatemalan Law.**

As yet another basis for dismissal, Francisco Jr. appears to bring Florida tort claims in connection with for purely Guatemalan conduct. That is improper; plainly, Guatemalan law would apply. "[A] complaint must allege a cause of action recognized under law against the defendants; otherwise it does not, in contemplation of the rule, inform the defendant of the nature of the cause against him." *Thompson v. Bliss*, No. 8:11-cv-839-T-30TBM, 2012 U.S. Dist. LEXIS 63133, at *2 (M.D. Fla. May 4, 2012) (quoting *Kislak v. Kreedian*, 95 So. 2d 510, 514 (Fla. 1957)). "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1. The plaintiff has a duty to allege which law applies, typically in the Complaint. *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1208 (11th Cir. 2018). While some courts hold that a failure to identify foreign law would mean that the forum states law would apply, *see id.*, that approach is unworkable here because Francisco Jr. does not allege *any action that took place in Florida*. Applying Florida law in this circumstance would be absurd. Valerie, Barbara, and Pamasa are left in the dark as to which claims are being brought under which law. For this reason alone, the Court should dismiss the tort claims.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

It is clear that Guatemalan law applies. "In determining which law applies, a federal district court sitting in diversity must apply the choice of law rules of the forum state." *Trumpet Vine Invs., N.V. v. Union Cap. Partners I*, 92 F.3d 1110, 1115 (11th Cir. 1996) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). "Under Florida law, a court makes a separate choice of law determination with respect to each particular issue under consideration." *Id.* (citing *Department of Corrections v. McGhee,* 653 So. 2d 1091, 1092-93 (Fla. 1st DCA 1995)). The test is which state has the most significant relationship to the occurrence. *Id.* (citing Restatement (Second) of Conflict of Laws § 145). As set forth below, Guatemalan law applies to both the purported fraud claim and the tortious interference with inheritance claim.

Guatemalan law applies to the fraud claim. For fraud claims, "when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless" another state has a more significant relationship. Restatement 2d of Conflict of Laws, § 148(1). The entire purported "fraudulent scheme" is alleged to have taken place in Guatemala. *See* ECF No. 23, ¶¶ 4-8 (Pamasa, Barbara, Valerie, Francisco Jr., and decedent are all residents of Guatemala); ¶ 26 (recognizing that control over Pamasa is determined by Guatemalan law); ¶¶ 28-35 (Barbara and Valerie allegedly filed an improper action in Guatemala); ¶ 46 (alleging that "[o]n April 27, 2021, two weeks after the Provisional *Amparo* was entered, Valerie and Bárbara effectuated an illegal takeover of Valores Guatemaltecos."); ¶ 48 (alleging rights as a result of Mr. Córdova's will "under Guatemalan law"). Indeed, Francisco Jr.'s Crossclaim does not *mention* Florida.

Even if the fraudulent statement and the reliance had took place in different states (they did not), then the court must determine which state had the most significant relationship, using the following factors such as (a) the place of reliance, (b) the place of receipt of representation, (c) the place where the representation was made, (d) the residence of the parties, (e) the place where the property at issue was located, and (f) the place of performance of reliance. *See Jain v. Nexgen Memantine, Inc.*, No. 8:20-cv-2263-VMC-JSS, 2022 U.S. Dist. LEXIS 128752, at *32 (M.D. Fla. July 20, 2022) (citing *Lacy v. BP, PLC*, No. 11-Civ-21855, 2015 U.S. Dist. LEXIS 84081, 2015 WL 3952593, at *1-2 (S.D. Fla. June 29, 2015)). Again, *all* of the alleged conduct in the Crossclaim purportedly occurred in Guatemala. *None* of the alleged conduct took place in Florida. As such, Franisco Jr.'s apparent attempt to plead a Florida fraud claim fails.

19

Similarly, Guatemalan law applies to the tortious interference with inheritance claim. All of the significant relationships to the inheritance occurred in Guatemala—the decedent was located in Guatemala, the courts at issue are in Guatemala, the companies are Guatemalan. *See* Restatement 2d of Conflict of Laws, § 145. As Guatemalan law plainly applies, Francisco Jr.'s tortious interference claim fails as well.

### XII.   To the Extent Florida Law Applies, the Fraud Claim Fails.

Even if Florida law somehow applied, Francisco Jr. fails to state a cause of action for fraud. "[A] party must state with particularity the circumstances constituting fraud . . ." Fed. R. Civ. P. 9(b). "Under Rule 9(b), a plaintiff must allege '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Technolojoy, LLC v. BHPH Consulting Servs.*, LLC, No. 19-23770-CIV-MORE, 2021 U.S. Dist. LEXIS 258498, at *23 (S.D. Fla. May 14, 2021) (quoting *Ziemba v. Cascade Int'l. Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to the 'defendants.'" *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). Here, Franisco Jr. does not plead fraud with particularity. Instead, he alleges a purported scheme that began in 2018 in sweeping terms, encompassing every wrong that he believes his sisters committed, without any identification of whether Barbara or Valerie committed each act. No fraudulent statements are alleged with content, date, time, and place. The fraud claim is not sufficiently pled, and it is not close.

Further, the elements of the fraud claim are not pled. "The elements that must be established to prove a claim of fraud are: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation.'" *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010) (quoting *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)). None of the elements are established. No specific false statements are alleged, much less with knowledge. No inducement is alleged. No specifics are alleged as to the injury. Franisco Jr. does not allege a fraud claim under Florida law.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**XIII.** **To the Extent Florida law Applies, the Tortious Interference Claim Fails.**

Similarly, even if Florida law applied, Francisco Jr.'s tortious interference with inheritance claim fails. "The rule is that if adequate relief is available in a probate proceeding, then that remedy must be exhausted before a tortious interference claim may be pursued." *DeWitt v. Duce*, 408 So. 2d 216, 218 (Fla. 1981). While Franisco Jr. alleges in conclusory fashion that the probate process in Guatemala are inadequate, his specific allegations contradict that claim. Francisco Jr. alleges that he succeeded in inheriting his father's assets, including a 1% ownership of Pamasa. ECF No. 23, ¶ 61. Franisco Jr. also claims that he has become "the sole heir and beneficiary" and has purported rights as a result. *Id.* at ¶ 77. Francisco Jr. has not set forth any non-conclusory allegations that he has exhausted his relief in the probate proceeding.

### Conclusion

WHEREFORE, Pamasa, Valerie and Barbara request that the Court enter an order dismissing Francisco Jr.'s Crossclaim and granting any other relief the Court deems proper.

### Request for Hearing

Pamasa, Valerie and Barbara request a hearing on this Motion to Dismiss. The parties have already spent significant time and money litigating the issue of control in Guatemala and the parties are currently expending resources litigating the inheritance and ownership issues in Guatemala. Before the parties continue to expend additional resources litigating over the same issues in this Court, Pamasa, Valerie, and Barbara believe that it would be beneficial for the Court to hear from, and question, both counsel. The undersigned estimates that one hour is required for argument.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

January 12, 2026

Respectfully submitted:

Homer Bonner Jacobs Ortiz, P.A.
Attorneys for Pamasa S.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

By:   /s/ José A. Ortiz

José A. Ortiz, Esq.
Email: jortiz@homerbonner.com
Florida Bar No. 182321
Charles Brumby
Email: cbrumby@homerbonner.com
Florida Bar No. 0084054
Sabrina M. Serber Esq.
Email: sserber@homerbonner.com
Florida Bar No. 1058312

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com